**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR GARIBAY, individually and on behalf of other members of the general public similarly situated, | No. 13-56151 |
| | D.C. No. 2:12-cv-10640-PA-VBK |
| Plaintiff - Appellee, | |
| v. | MEMORANDUM* |
| ARCHSTONE COMMUNITIES LLC, a Delaware limited liability company; ARCHSTONE PROPERTY MANAGEMENT CALIFORNIA INCORPORATED, a Delaware corporation, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted August 7, 2013**
Pasadena, California

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SILVERMAN and WARDLAW, Circuit Judges, and CEDARBAUM, Senior District Judge.***

Archstone Communities, LLC and Archstone Property Management California, Inc. appeal the district court's order granting Victor Garibay's motion to remand his class action complaint, which alleges violations of various California wage and employment laws, to state court. We have jurisdiction under 28 U.S.C. § 1453(c), and we affirm.

The district court correctly held that the defendants did not meet their burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million as required for federal jurisdiction under the Class Action Fairnesss Act, 28 U.S.C. § 1332(d). *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). The only evidence the defendants proffer to support their calculation of the amount in controversy is a declaration by their supervisor of payroll, which sets forth only the number of employees during the relevant period, the number of pay periods, and general information about hourly employee wages. Beyond this, the defendants rely on speculative and self-serving assumptions about key unknown variables. The district court correctly

*** The Honorable Miriam Goldman Cedarbaum, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

concluded that Archstone's evidence was insufficient to support removal jurisdiction under CAFA.

For example, Garibay alleged violations of Cal. Labor Code § 226, which provides that employers who fail to provide employees with "an accurate itemized [wage] statement" are subject to fines. Archstone's calculations assume that every single member of the class would be entitled to recover penalties for every single pay period. Garibay also alleges violations of Cal. Labor Code § 203, which provides that employers who fail to timely pay all earned wages upon termination are subject to a fine equal to the employee's normal wages for each day the wages are late, up to a maximum of 30 days. Archstone assumes that each employee would be entitled to the maximum statutory penalty, but provides no evidence supporting that assertion. Along the same lines, Garibay alleged violations of Cal. Labor Code § 226.7, which provides that employers who fail to provide adequate meal or rest breaks must compensate the employee for an additional hour of pay. Archstone assumes that each class member was wrongly denied a break twice each week. As the district court correctly explained, Archstone failed to provide any evidence regarding why the assumption that each employee missed two rest

periods per week was more appropriate than "one missed rest period per paycheck or one missed rest period per month." Although Archstone correctly notes that 25% recovery is the "benchmark" level for reasonable attorney's fees in class action cases, *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998), and that such fees are properly included in calculations of the amount in controversy, *see Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007); Cal. Labor Code § 218.5, Archstone has not established by a preponderance of the evidence that the underlying amount upon which those fees would be based is at least $4 million, as would be required to meet the $5 million minimum.

Finally, although the district court cited to *Lowdermilk*, 479 F.3d at 1002, which applied the heightened "legal certainty" standard, it relied on that case for the general proposition that we may not base our jurisdiction on mere speculation. Contrary to Archstone's assertions, the district court correctly identified and applied the preponderance of the evidence standard.

When it initially sought removal, Archstone did not have the benefit of our decision in *Roth v. CHA Hollywood Med. Ctr.*, __F.3d__ [2013 WL 3214941] (9th Cir. 2013). Under *Roth*, if Archstone later discovers evidence that the jurisdictional bar is met, it may once again attempt to remove this case to federal court.

-4-

**AFFIRMED.**